IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MARCOS COPLIN-BRATINI,**          *
Petitioner,                        *
                                   *
                                   *
          v.                       *          Civil No. 06-1127 (DRD)
                                   *          Related to Crim. No. 95-284(DRD)
                                   *
**UNITED STATES OF AMERICA,**       *
Respondent.                        *
_____    *

<u>**OPINION AND ORDER**</u>

Before the court is Petitioner Marcos Coplin-Bratini's second motion (D.E. #1) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, Petitioner's motion is DISMISSED for lack of jurisdiction.

Section 2255 establishes a stringent set of procedures that a prisoner must follow if he wishes to file a "second or successive" motion to vacate, set aside, or correct a sentence.  <u>See</u>, 28 U.S.C. § 2255 ; <u>Burton v. Stewart</u>, 127 S.Ct. 793, 796 (2007).  A disposition on the merits of a previous section 2255 motion renders a subsequent application "second or successive."   <u>Sustache-Rivera v. United States</u>, 221 F.3d 8 (1st Cir. 2000).  On April 20, 2000, this Court denied Petitioner's first section 2255 motion on the merits.  <u>See</u>, <u>Coplin-Bratini v. United States</u>, Civil No. 98-2308 (DRD), D.E. #16. Therefore, Petitioner's present motion is a "second or successive" application for relief.

Civil No. 06-1127(DRD)
Criminal No. 95-284(DRD)                                    Page 2

     Before filing a second or successive motion under section 2255,
a defendant "shall move the appropriate court of appeals for an order
authorizing the district court to consider the application."   28
U.S.C. § 2244(b)(3)(A); see also, 28 U.S.C. § 2255 ( "A second or
successive motion must be certified as provided in section 2244 by a
panel of the appropriate court of appeals ...." ).   The court of
appeals may authorize a second or successive section 2255 motion only
if it presents a claim not previously raised, and contains either
"newly  discovered  evidence"  that  establishes  the  defendant's
innocence or "a new rule of constitutional law, made retroactive to
cases on collateral review by the Supreme Court." 28 U.S.C. § 2255;
Burton, 127 S.Ct. at 796; Tyler v. Cain, 533 U.S. 656, 661-62 (2001).
Section 2255 imposes a jurisdictional limitation on a district
court's ability to consider any second or successive 2255 motion
absent proper certification from the court of appeals.   In other
words, a district court must dismiss a second or successive 2255
motion for lack of jurisdiction unless the defendant obtains
certification from the appropriate court of appeals.   Trenkler v.
United States, 536 F.3d 85 (1st Cir. 2008).

     Here, Petitioner neither sought, nor received authorization from
the First Circuit Court of Appeals before filing his second motion to
vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §
2255.   Furthermore, Petitioner provides no grounds for this court to
conclude that the First Circuit Court of Appeals would certify his

Civil No. 06-1127(DRD)
Criminal No. 95-284(DRD)                                        Page 3

second petition.  In other words, Petitioner fails to identify any newly discovered evidence, or a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.  Therefore, this Court has no authority to consider Petitioner's present 2255 motion, and it must be dismissed.

Even if the court were to consider the merits of Petitioner's second motion, the outcome would be the same as the first because the argument raised is equally meritless.  In his second section 2255 motion, Petitioner Coplin-Bratini argues that "he is entitled to be re-sentenced based on the expungement of the underlying state conviction which resulted in error at his sentencing."  Petitioner was not diligent in seeking relief.  He "was obliged to act diligently to obtain the state court order vacating his predicate sentence.  Had he done so, the one year limitation period would have run from the date he received notice of that *vacatur*."  <u>Johnson v. United States</u>, 544 U.S. 295 (2005).  In <u>Johnson</u>, <u>supra</u>, the Supreme Court decided that a state court's order vacating a conviction that had been used to enhance a federal sentence is a new "fact" that starts a one-year period in which to seek collateral review of the federal sentence.

On May 30, 1994, Petitioner pled guilty to state charges of domestic violence.  Pursuant to the plea agreement, Petitioner was referred to a state program for re-education and rehabilitation of aggressors.  The program provided that, following one to three years,

Civil No. 06-1127(DRD)
Criminal No. 95-284(DRD)                                    Page 4

if none of the conditions imposed during probation were violated, the Court, within its discretion, could hold a hearing and dismiss the case, and thereafter request expungement of his criminal record. While Petitioner was on parole from the state charges, on September 27, 1995, a Federal Grand Jury returned a six-count Superseding Indictment against Petitioner and another co-defendant in connection with federal narcotics offense.  After a jury trial, Petitioner was found guilty as charged on February 2, 1996.  Petitioner was sentenced on May 2, 1996.  See, United States v. Castillo-De-Los-Santos, et al., 95CR284(2)(DRD), D.E. # 68.

While serving sentence on his federal conviction, a state court dismissed Petitioner's state charges.  The dismissal of the state charges occurred in August 27, 1996.  Over eight years after the dismissal of the local charges, Petitioner requested and obtained the expungement of his state criminal record.  Petitioner' lack of diligence under Johnson is evident.  Johnson held that an unexplained 21-month wait was not diligent as a matter of law.  The one-year "period of limitation" set forth in § 2255 starts to run from the time the prisoner receives notice of a state court's vacatur of a predicate conviction, but only if the prisoner exercised due diligence since the date of the federal court judgment in attempting to challenge his state conviction. In this regard, Petitioner concedes that he learned of the vacatur of the state conviction on July 2002.  Thus, according to Petitioner himself, for over six years

Civil No. 06-1127(DRD)
Criminal No. 95-284(DRD)                                          Page 5

he failed to actively pursue in state court the dismissal of the state charges. Petitioner's sentence cannot be revisited.

    For the reasons discussed above, Petitioner MARCOS COPLIN-BRATINI's second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. # 1) is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED.**


    In San Juan, Puerto Rico, this 9th day of March 2009.


                              s/ Daniel R. Domínguez
                              **DANIEL R. DOMÍNGUEZ**
                              **U.S. District Judge**